UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAKSIM SIDORENKO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-494 |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Maksim Sidorenko is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  Petitioner bases his habeas action on provisions of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which forecloses any statutory entitlement to a bond hearing for individuals detained under Section 1225(b)(2)(A).  In light of this decision, the Court ordered Petitioner to file a Statement in support of his Petition addressing prior decisions by this Court considering and rejecting due process claims similar to those that he alleges. (*See* Order, Doc. 5)

In response, Petitioner contends that he is entitled to relief because he was affirmatively paroled into the United States and his parole was not validly revoked. (Statement, Doc. 8)  He also argues that the Fifth Amendment's Due Process Clause does not permit Respondents to detain him indefinitely without an individualized hearing before a neutral decisionmaker.

The Court finds that Petitioner is not entitled to relief.  Other courts have considered and rejected substantively-similar arguments based on the Due Process Clause. *See, e.g., Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026

WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive, despite Petitioner's attempts to distinguish them.[1]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

In addition, Petitioner's parole into the United States does not change this analysis.  "An alien who is placed on parole after physically entering the United States is treated in the same manner as any other applicant for admission to the United States." *Delgado-Carrera v. U.S. I.N.S.*, 773 F.2d 629, 632 (5th Cir. 1985) (cleaned up).  As an applicant for admission, Petitioner is not entitled to a bond hearing under 8 U.S.C. § 1225(b)(2)(A). *Buenrostro*, 166 F.4th at 502–03.

The fact that Respondents initially released Petitioner into the United States and subsequently re-detained him does not entitle him to relief.  As *Buenrostro* explained, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro*, 166 F.4th at 505.  The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"– i.e., Section 1225. *Id*. at 506.  Here, while the United States initially detained and released

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising their authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since he entered the country.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to him. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted." Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision. Here, Petitioner does not assert that he could make such a showing or that he was prevented from attempting to do so.

For these reasons, the Court finds that Petitioner does not present a viable claim for relief. As a result, it is:

**ORDERED** that Petitioner Maksim Sidorenko's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is direct to close this case.

Signed on June 9, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge